UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROSIE L. HALL,

        Plaintiff,        CIV. S-04-0376 LKK PAN PS

    v.

U.S. BANKRUPTCY COURT, U.S. BANKRUPTCY APPELLATE PANEL, JUDGE RUSSELL DAVIS, U.S. TRUSTEE, JUDITH HOTZE, HELGA A. WHITE, and ROBERT WEGNER,    FINDINGS AND RECOMMENDATIONS

        Defendants.

—oOo—

On February 23, 2004, plaintiff Rosie L. Hall filed this action.  The named defendants are the U.S. Bankruptcy Court, Judge Russell Davis, the U.S. Bankruptcy Appellate Panel, the U.S. Trustee, Judith Hotze (attorney for the U.S. Trustee), Robert Wenger (sued as Robert Wegner), and Helga A. White (attorney for Wenger).  Plaintiff alleges she filed a bankruptcy petition October 13, 1993, that Robert Wenger was appointed

trustee of the assets of the estate, that he was unqualified, and that his errors and omissions caused significant financial loss to plaintiff.

The federal defendants, viz., the bankruptcy court, bankruptcy appellate panel, Judge Russell, U.S. Trustee and Judith Hotze, move to dismiss.  Defendants contend that the bankruptcy court and appellate panel, as arms of the federal government, enjoy sovereign immunity from suit, that Judge Russell enjoys absolute judicial immunity from suit for actions taken in his official capacity, and that the U.S. Trustee and Hotze share the federal government's sovereign immunity to suit for acts taken in their official capacity and, because trustees assumed judicial functions historically vested in bankruptcy and district courts, enjoys judicial immunity for acts in their individual capacity.

Plaintiff does not meaningfully oppose the federal defendants' motion.

For the reasons urged by the federal defendants and because plaintiff's complaint avers no wrongdoing by any of them, all claims against the federal defendants should be dismissed.

Robert Wenger moves to dismiss upon the ground plaintiff's claims against him are barred by any applicable limitation period.  He argues that plaintiff affirmatively alleges that she filed her bankruptcy petition in October 1993, that all of Wenger's alleged delicts occurred in 1994 and 1995, and that her claims are barred by any limitation period that

might be applied.

In fact, plaintiff alleges wrongdoing by Wenger up to the time she filed her complaint. Accordingly, Wenger's motion to dismiss should be denied.

Nevertheless the court is skeptical that plaintiff has alleged any facts that would justify relief against Wenger because all of his actions as trustee necessarily would have been approved by the bankruptcy court and any challenges decided in that court. Accordingly, I recommend that Wenger be accorded 20 days within which to renew his motion to dismiss on different grounds.

These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge