UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROSIE L. HALL,

          Plaintiff,        CIV. S-04-0376 LKK PAN PS

    v.

U.S. BANKRUPTCY COURT, U.S.     FINDINGS AND RECOMMENDATIONS
BANKRUPTCY APPELLATE PANEL,
JUDGE RUSSELL DAVIS, U.S.
TRUSTEE, JUDITH HOTZE, HELGA
A. WHITE, and ROBERT WEGNER,

          Defendants.

—oOo—

On April 19, 2005, this court recommended dismissal of all federal defendants but denial of defendant Robert Wenger's motion to dismiss on statute of limitation grounds. The court recommended Wenger be accorded 20 days to renew his motion on other grounds. On April 26, Wenger filed a new motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on the ground plaintiff has failed to state a claim upon which relief can be granted. As

oral argument is unnecessary to resolve this matter, the hearing scheduled before this court on May 25, 2005, is vacated and the court issues these findings and recommendations.

In a separate order, this court dismisses the only other remaining defendant--Helga A. White, Wenger's attorney--for insufficiency of service of process.

Plaintiff has filed neither an opposition nor statement of non-opposition to Wenger's motion, as required by E. D. Cal. L. R. 78-230(c) (opposition shall be filed with the Clerk of Court and served on the opposing party not less than 14 days preceding the hearing date). Plaintiff's failure to oppose the motion is properly construed as acquiescence thereto. E. D. Cal. L. R. 78-230(c), 11-110, and 83-183. Dismissal is also warranted on the merits.

Plaintiff's complaint, filed February 23, 2004, alleges Wenger (sued as Robert Wegner) was appointed trustee of the assets of plaintiff's estate after she filed a bankruptcy petition on October 13, 1993. Plaintiff contends Wenger made errors and omissions resulting in significant financial loss to plaintiff, including but not limited to: auctioning the tools and inventory of plaintiff's business; closing plaintiff's business for six months despite continuing obligations to pay rent and utilities; failing to collect rents; obtaining improper insurance coverage and letting other insurance policies lapse; improperly permitting foreclosures; selling property below market value; and incomplete record keeping.

"Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order. However, a trustee may be liable for intentional or negligent violations of duties imposed upon him by law. A trustee has a duty to preserve the assets of an estate and must exercise that measure of care and diligence that an ordinarily prudent person would exercise under similar circumstances. Out of this apparent conflict, certain standards have evolved which a trustee must satisfy before immunity may attach. The trustee should obtain court approval and give notice to the debtor of a proposed action. The trustee's disclosure to the court must be candid. The act must be within the trustee's official duties." Bennett v. Williams, 892 F.2d 822, 823 (9th Cir. 1989) (citations and internal quotations omitted).

Wenger asserts all of his challenged actions were made "pursuant to a noticed motion, giving Rosie Hall and her attorneys plenty of notice, and all of the Trustee's motions were approved by the Bankruptcy Court." Motion to Dismiss, at p. 1. Wenger has submitted the docket of plaintiff's bankruptcy case, No. 93-28625-A-11. This court has carefully review the docket[1]

---

[1] The court's review of the bankruptcy docket demonstrates, for example: plaintiff's representation by counsel Mark J. Hannon commencing November 1993 (Docket Entries 6 and 7); plaintiff's substitution of John I. Meeker in June 1994 (Docket Entries 124, 136-140), terminated November 1995 (Docket Entry 348), whereupon plaintiff commenced representing herself; January 11, 1994, order appointing Robert Wenger as Trustee (Docket Entry 20); Wenger's approved application to employ law firm of Downey, Brand, Seymour & Rohwe (Docket Entries 25-27); Wenger's approved application to substitute attorney Helga A. White (Docket Entries 47, 48, 159); Wenger's approved motion to sell property (Highlander #210) (Docket Entries 30-36, 50, 63);

3

and finds Wenger's actions routine, including appropriate notice to plaintiff and court approval of his actions. Since plaintiff has not responded to his motion and did not assert in her complaint that Wenger's actions were without full disclosure, outside the scope of his authority as trustee or without court approval, the court finds no basis for concluding otherwise.

I find, therefore that Wenger "act[ed] within the scope of [his] authority, with the informed approval of the court and notice to the debtor [and] is [therefore] entitled to derived quasi-judicial immunity for [any] discretionary acts." <u>Bennett v. Williams</u>, 892 F.2d at 825. Accordingly, I recommend Wenger's motion to dismiss be granted.

---

Wenger's approved motion for examination of plaintiff and Max Bagheri (Docket Entries 37-42, 71); Wenger's approved motion to Limit Notices of Prospective Motions to Creditors with Claims Exceeding $2000 and to Creditors Requesting Special Notice HAW-3 (Docket Entries 43-46, 49, 70); Wenger's approved motion for release of money to reclaim jewelry (Docket Entries 53-54); Wenger's approved application to employ Lyon and Associates Realtors to sell property (Old Auburn Road) (Docket Entries 72-75, 76); Wenger's approved application to employ Tri County Real Estate to sell property (Olivine Avenue) (Docket Entries 77, 81); Wenger's approved motion to abandon property (Olivine Avenue) (Docket Entries 146-151, 160); Wenger's approved application to employ realtors ERA Concepts Unlimited (Docket Entries 87-90); Wenger's approved motion to sell equipment, fixtures and inventory (Docket Entries 128-132); Wenger's approved application to employ Sandra Stockman-Fortier (Docket Entries 187, 180); Wenger's approved application to employ Master Realtors (Docket Entries 243, 237); Wenger's approved motion approving stipulation for sale of property (Docket Entries 267, 288); Wenger's approved application to employ accountant (Docket Entries 271, 290); Wenger's approved motion to sell bankruptcy assets (Docket Entries 306, 326); Wenger's approved motion to sell estate asserts (Docket Entries 335, 354); Court Order Confirming Chapter 11 Plan and notice of intent to enter final decree (Docket Entries 359, 435); Wenger's approved motions for compensation (Docket Entries 198-199, 226, 245, 309, 329, 376, 409); White's approved applications for compensation (Docket Entries 188, 153, 232, 246, 387, 405, 443, 484, 485); Final Decree (Docket Entry 634, following resolution of objections and appeals by plaintiff herein).

4

These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 25, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge